# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE WILLIAMS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M.D. McDONALD,<br><br>　　　　Respondent.<br>_____/ | 1:10-cv-01219-OWW-DLB (HC)<br><br>ORDER REGARDING PETITIONER'S<br>MOTION FOR STAY AND ABEYANCE<br><br>[Doc. 29] |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　Petitioner filed the instant petition for writ of habeas corpus on June 23, 2010. On August 4, 2010, the Court directed Respondent to file a response to the petition.

　　On December 2, 2010, Respondent filed an answer to the petition. Petitioner received two extensions of time to file a traverse.

　　Instead of filing a traverse, Petitioner filed an application for stay and abeyance to exhaust three additional claims. Respondent filed an opposition on March 18, 2011. On March 31, 2011, Petitioner filed a supplemental application for stay and abeyance.

## DISCUSSION

　　There are two different basis for a district court to stay a petition and hold it in abeyance. The first is under the three-step procedure set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (hereinafter "Kelly"). Pursuant to Kelly, the petitioner initially amends the petition to

1  delete any unexhausted claims.  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly,
2  315 F.3d at 1070-1071.)   The court then stays and holds the amended petition in abeyance and
3  allows the petitioner to return to state court to exhausted the deleted claims.  Id.  After
4  completion of exhaustion, the petitioner amends the petition to add the newly-exhausted claims
5  to the original petition.  Id.

6  The Kelly procedures does not require a showing of good cause for the delay.  King, 564
7  F.3d at 1140.  The Ninth Circuit has noted, because the Kelly procedure does not leave the mixed
8  petition pending, a petitioner proceeding under this procedure risks that he may not be able to
9  comply with the timeliness of the deleted claims to amend back into the petition after
10 exhaustion.[1]  A claim can only relate back to a pending federal petition only if the new claim
11 shares a "common core of operate facts" within the claims in the pending petition.  Id. at 1141.
12 A new claim does not relate back to another claims simply because it arises from "the same trial,
13 conviction, or sentence.  Mayle v. Felix, 545 U.S. 644, 662-664 (2004).

14 The other procedure is set forth in the Supreme Court's decision in Rhines v. Weber, 544
15 U.S. 269 (2005).  Under Rhines, the unexhausted claims are not dismissed and the mixed petition
16 remains pending in federal court while the petitioner returns to state court to exhaust.  Id. at 277.
17 Therefore, the Rhines procedure protects the petitioner any potential untimeliness.  However,
18 there are limitations when the petition may be stayed under Rhines.  In order to qualify for a stay
19 under Rhines, the petitioner must (1) show good cause for his failure to exhaust all claims before
20 filing the federal action; (2) explain how his unexhausted claim is potentially meritorious; (3)
21 indicate the status of any pending state court proceedings regarding the unexhausted claim; and
22 (4) there must be no indication that the petitioner engaged in intentionally dilatory litigation
23 tactics.  Id. at 277-278.

24 Petitioner has indicated that he intends to return to state court in order to fully exhaust
25 three claims, two of which are presented in the instant petition.   He requests to exhaust his

---

[1] Under 28 U.S.C. § 2244(d)(1), a one year statute of limitations applies to habeas corpus petitions.  The pendency of a federal habeas corpus petition does not toll the applicable one year limitations period under section 2244(d)(1), unlike an application for state habeas corpus relief, which serves to toll the limitations period.  Duncan v. Walker, 533 U.S. 167, 172 (2001).

2

arguments in Ground III, claiming (i)"the failure to investigate," (ii) submission of "exhibits 'D-1' thru 'D-2,'" and (iii) another "(new claim) [of] prosecutorial misconduct."

In an effort to demonstrate good cause for his failure to exhaust these claims prior to filing in this Court, Petitioner contends that he has had limited access to his legal materials and the law library.  Petitioner has presented nothing more than vague and conclusory allegations of limited access to the legal materials, however, he has not presented any factual basis to support a finding of good cause for failure to present his claims to the state court.  Nor has Petitioner submitted any proof of filing a successive state habeas corpus petition to date.  Petitioner's conviction became final on September 22, 2009-almost one year and a half prior to filing the instant motion.  In addition, Petitioner's motion was presented after Respondent filed an answer to the petition raising the issue of exhaustion.  Under these circumstances, Petitioner has failed to meet the standard for a stay under Rhines.

However if Petitioner wishes to proceed with a stay pursuant to the Kelly procedure, he must first file an amended petition deleting the unexhausted claims.  Petitioner is cautioned that the one year limitations period provided by section 2244(d)(1) applies and the Kelly procedure will not effectively protect the deleted unexhausted claims from future subjection to dismissal as untimely.

Based on the foregoing, IT IS HEREBY ORDERED THAT within thirty (30) days from the date of service of this order, Petitioner shall respond to this order by (1) indicating that he does not wish to stay the action pursuant to the Kelly procedure or (2) filing an amended petition deleting the unexhausted claims.

IT IS SO ORDERED.

Dated:  **April 11, 2011**                    /s/ **Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE